UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
DANIELA A. SANCHEZ,            )
                               )
        Plaintiff,             )
                               )
    v.                         )   C.A. No. 22-156 WES
                               )
MORTGAGE ELECTRONIC            )
REGISTRATION SYSTEMS, INC.     )
and NATIONS LENDING CORPORATION,)
                               )
        Defendants.            )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Plaintiff Daniela A. Sanchez brings this pro se action for quiet title of the real property located at 15 McCabe Street, Cranston, Rhode Island ("the property"). Compl. ¶¶ 1, 4, 6, ECF No. 1-1. Plaintiff seeks quiet title based on adverse possession, equitable estoppel, res judicata, false representation, and fraud, id., and additionally alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq. See Compl. Ex. C.

Before the Court is Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") and Defendant Nations Lending Corporation's ("Nations Lending") Motion to Dismiss for Failure to State a Claim, ECF No. 9. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED.

1

I.   BACKGROUND

Plaintiff has owned the property in fee simple absolute since December 2018.  Compl. ¶¶ 3-4.  As security for a $298,127.00 loan, Plaintiff entered into a mortgage agreement with Nations Lending as the lender and MERS as the mortgagee on June 11, 2021.  Id. ¶ 6; Compl. Ex. D; Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") 2, ECF No. 10.

On January 5, 2022, Plaintiff sent a request to Nations Lending asking for a validation of her debt.  See Compl. Ex. C; Defs.' Mem. 3.  Nations Lending responded to Plaintiff's request on January 11, 2022, providing general information about the mortgage loan.  Compl. Ex. C,; Defs.' Mem. 3.  Plaintiff then sent Defendants four "Affidavits of Truth" between January 18, 2022, and February 23, 2022.  Compl. Ex. C.  The Affidavits of Truth contain additional factual allegations that are not present in the Complaint, including Plaintiff's allegation that Defendants violated the FDCPA.

Plaintiff filed this action in Rhode Island Superior Court  on February 23, 2022.  Notice of Removal, Ex. A, ECF No. 1-1.  Defendants removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1). Id.

II.  LEGAL STANDARD

Claims for relief must contain "a short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, a complaint must set

forth sufficient facts to establish a "claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the Court need not find the claim to be probable, it must find the claim to be more than merely possible in order for it to withstand a motion to dismiss for failure to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Claims comprised of "meager, vague, or conclusory statements" are insufficient and should be dismissed. Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021) (citing SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume the truth of well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008). When a claimant is pro se, their complaint is construed "liberally." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 75 (1st Cir. 2014) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Even when construing a complaint liberally, however, the Court is not required to "conjure up unpled allegations," Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022), and does not have a duty to "haphazardly mine documents appended to a complaint," Foley, 772 F.3d at 79–80.

III. DISCUSSION

   A.   Adverse Possession

   Plaintiff first alleges a claim to quiet title by way of adverse possession.  Under Rhode Island law, an action may be brought by a person claiming quiet title "against all persons appearing to have of record any adverse interest therein[.]"  R.I. Gen. Laws § 34-16-4 (1956).  Adverse possession requires that the claimant "shall have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands[.]"  § 34-7-1.  The statute further requires that, while in possession, the claimant "claim[] the same [property] as . . . her . . . rightful estate in fee simple."  Id.

   A complaint for quiet title in Rhode Island requires:

   (1) [a] complete and accurate description of the real estate involved . . .;
   (2) [a] recital of the character and source of claims adverse . . .;
   (3) [t]he names and last known addresses of those asserting . . . any adverse claims;
   (4) [t]he efforts made to ascertain and determine those claimants, who . . . are unknown to plaintiff;
   (5) the duration of ownership, occupation, possession, and enjoyment by the plaintiff, . . . together with a recital of acts performed as a normal incident of the possession enjoyed and the title claimed.

Id. § 34-16-5.

   Rhode Island is a title-theory state.  140 Reservoir Ave. Assocs. v. Sepe Invs., LLC, 941 A.2d 805, 811 (R.I. 2007).  Under Rhode Island's title theory, a mortgagee obtains both a lien on the real estate through the grant of a mortgage deed and legal title to

4

the property subject to defeasance upon payment of the debt.  Id. (quoting In re D'Ellena, 640 A.2d 530, 533 (R.I. 1994)).  Further, "[t]he mortgagor and mortgagee each possess 'complementary' and 'separate' claims; one party's interest (legal or equitable), as a general rule, does not interfere with the others." Lister v. Bank of Am., N.A., 790 F.3d 20, 25 (1st Cir. 2015) (citing Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 24 (1st Cir. 2013)).

In her Complaint, Plaintiff states that she has occupied the property for three years, beginning in December 2018, Compl. ¶ 4, which Defendants do not contest, Defs.' Mem. 3.  Plaintiff has therefore not accrued the requisite ten years that Rhode Island's adverse possession statute requires.  See R.I. Gen. Laws § 34-7-1. Furthermore, there is no adverse claim because a mortgagor and a mortgagee possess both "'complementary' and 'separate' claims," rather than adverse claims required by the statute.  Lister, 790 F.3d 20, 25.  Finally, even if Plaintiff met the ten-year time requirement and showed that the interests of the parties were adverse, she did not include "[a] recital of the character and source of claims adverse," or "a recital of acts performed as a normal incident of the possession enjoyed and the title claimed," as required by the statute.  See § 34-16-5.  Therefore, because Plaintiff has not met the requirements of Rhode Island's adverse possession law, Plaintiff has failed to state a claim for quiet title by adverse possession.

B.   Equitable Estoppel

Plaintiff next contends that she is entitled to quiet title through equitable estoppel.  Under Rhode Island law, the doctrine of equitable estoppel has two requirements.  See Loffredo v. Shapiro, 274 A.3d 782, 793 (R.I. 2022).  First, a plaintiff must establish that there was "an affirmative representation or equivalent conduct on the part of the person against whom the estoppel is claimed which is directed to another for the purpose of inducing the other to act or fail to act in reliance thereon" and second, "that such representation or conduct in fact did induce the other to act or fail to act to his injury."  Id. (quoting Faella v. Chiodo, 111 A.3d 351, 357 (R.I. 2015)).  "[E]quitable estoppel is extraordinary relief, which will not be applied unless the equities clearly [are] balanced in favor of the part[y] seeking relief."  Id. (quoting Sturbridge Home Builders, Inc. v. Downing Seaport, Inc., 890 A.2d 58, 67 (R.I. 2005)) (internal quotation marks omitted).

Here, Plaintiff's equitable estoppel claim fails because she has not alleged any conduct by Defendants that could be interpreted as "an affirmative representation or equivalent conduct."  See id.; Compl. ¶¶ 1-8.  Furthermore, Plaintiff failed to allege any reliance, or detriment therefrom, on her part.  See Compl. ¶¶ 1-8.

C.   Res Judicata

Res judicata, also known as claim preclusion, prevents courts

6

from relitigating a case once it has been judged on the merits.  Res Judicata, Black's Law Dictionary (9th ed. 2009).  Here, although Plaintiff asserts a claim for quiet title on the theory of res judicata, she has not pled facts showing that there have been prior adjudications on the merits related to any of the claims presented in this case.  See Compl. ¶¶ 1-7; see also id. Ex. C.  Therefore, her claim for quiet title by res judicata fails.

D.   False Representation and Fraud

"To establish a prima facie fraud claim in Rhode Island, 'the plaintiff must prove that the defendant made a false representation intending thereby to induce [the] plaintiff to rely thereon and that the plaintiff justifiably relied thereon his or her damage." Parker v. Byrne, 996 A.2d 627, 635 (R.I. 2010) (quoting Bitting v. Gray, 897 A.2d 25, 34 (R.I. 2006)).  A false representation or "[m]isrepresentation is any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to an assertion not in accordance with the facts." Stebbins v. Wells, 766 A.2d 369, 372 n.4 (R.I. 2001) (quoting Travers v. Spidell, 682 A.2d 471, 473 n.1 (R.I. 1996)) (internal quotation marks omitted).

Plaintiff alleges that Defendants acquired the property "on the grounds of false representation[] and fraud."  Compl. ¶ 6. However, Plaintiff does not provide any facts supporting this allegation.  See Compl. ¶¶ 1-6.  Although Plaintiff's Affidavits of Truth contain allegations that Plaintiff "never sat across a table

from any of the alleged creditors and debt collectors and never entered into a contract with any receiving a meeting of the minds," and that the "contracts are completely fraudulent," these are not supported by any facts and are therefore conclusory.  Compl. Ex. C; see Alston, 988 F.3d at 571.   Therefore, because the factual allegations in Plaintiff's Complaint do not support a claim of fraud or false representation, the claim is dismissed.

E.   Fair Debt Collection Practices Act

Finally, Plaintiff claims that Defendants violated the FDCPA. The FDCPA allows consumers to bring actions against debt collectors for utilizing unfair practices and false or misleading representations to collect debts.  See 15 U.S.C. §§ 1692e, 1692f. Under the FDCPA, a "debt collector" is a person who uses interstate commerce or mail in any business designed to collect debts.[1] § 1692a(6).  The FDCPA also distinguishes a "creditor," which is not subject to the FDCPA, from a "debt collector." § 1692a(4).  A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed."  Id.  However, a creditor may be considered a "debt collector" for purposes of the FDCPA when, "in the process of collecting his own debts, [he] uses any name other than his own which would indicate that a third person is collecting

---

[1] A "debt" under the FDCPA is any consumer obligation "to pay money arising out of a transaction in which the money, property, insurance, or services primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).

or attempting to collect such debts." § 1692a(6); see Pimental v. Wells Fargo Bank, N.A., No. 14-494 S, 2016 WL 70016 at *3 (D.R.I. Jan. 6, 2016)(concluding that plaintiff sufficiently pled that bank was debt collector when it used another name to try to collect mortgage payment from consumer). Additionally, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was originated by such person . . . ." 15 U.S.C. § 1692a(6)(F)(ii) (emphasis added).

Under the FDCPA, only debt collectors or creditors acting as debt collectors can be held accountable for false or misleading representations and unfair practices. See §§ 1692e, 1692f. Therefore, to determine whether Plaintiff has stated a claim under the FDCPA, the Court must first determine whether Defendants are subject to the statute. See §§ 1692a(6), 1692a(4); see also Pimental, 2016 WL 70016, at *1. Here, based on the allegations contained in the Complaint, Nations Lending falls within the FDCPA's definition of "creditor" rather than "debt collector" because it is the lender of the mortgage loan and is seeking to collect its own debt pursuant to the mortgage agreement. See Compl. Ex. D; Defs.' Mem. 8. Plaintiff does not allege that Nations Lending used another name to collect its debt. See Compl. ¶¶ 1-8; Ex. C. Plaintiff also does not allege that MERS has attempted to collect on any debts and has not alleged any other facts that would support characterization

9

of MERS as a debt collector.  See Compl. ¶¶ 1–8; Ex. C.  Therefore, Plaintiff has failed to sufficiently plead that Defendants are subject to the FDCPA.

Finally, even if Defendants were debt collectors under the FDCPA, Plaintiff has failed to assert any cognizable claim.  To assert an FDCPA claim, a plaintiff must allege facts demonstrating that a debt collector engaged in conduct prohibited by the FDCPA. See §§ 1692e, 1692f; see also Weiner v. Rushmore Loan Mgmt. Servs., LLC, 327 F. Supp. 3d 268, 271 (D. Mass. 2018).  Plaintiff's only factual allegation that could be construed to possibly support a claim that Defendants engaged in prohibited conduct is that Nations Lending's validation of debt was insufficient.  See Compl. Ex. C. The FDCPA requires debt collectors to provide consumers a notice of debt owed upon the consumer's request.   § 1692g(a).  A notice for validation of debts must include:

> (1) the amount of the debt;
> (2) the name of the creditor. . .;
> (3) a statement that unless the consumer . . . disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt . . .; and
> (5) a statement that, upon the consumer's written request . . ., the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a).  Plaintiff has failed to provide any factual allegations explaining how the validation provided by Nations Lending upon her

request was deficient or in violation of the FDCPA, requiring

dismissal of this claim.

IV.   CONCLUSION

     For the above reasons, Defendants' Motion to Dismiss, ECF

No. 9, is GRANTED.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date:   November 22, 2022